IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AutoBrilliance, LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Volvo Car USA, LLC, dba Volvo,<br><br>　　　　　　　Defendant. | Civil Action No.: 4:21-cv-906<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff AutoBrilliance, LLC ("AutoBrilliance" or "Plaintiff"), for its Complaint against Defendant Volvo Car USA, LLC, dba Volvo ("Volvo" or "Defendant") alleges the following:

**NATURE OF THE ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, involving infringement of the patent in suit identified as United States Patent No. 6,615,137 ("the '137 patent", Exhibit A) ("the patent in suit" or "the asserted patent").

**THE PARTIES**

2. Plaintiff AutoBrilliance is a limited liability company organized under the laws of the State of Texas.

3. AutoBrilliance is the current assignee of the '137 patent.

4. On information and belief, Defendant Volvo is a corporation organized and existing under the laws of Delaware, with a principal place of business at 1800 Volvo Place, Mahwah, NJ, 07430.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

7. This Court has personal jurisdiction over Defendant Volvo because Defendant has minimum contacts with the State of Texas and has purposefully availed itself of the privileges of conducting business in the State of Texas. For example, on information and belief, Defendant Volvo has used the Accused Instrumentalities in the State of Texas and in this District or has manufactured (or had manufactured) vehicles including the Accused Instrumentalities and provided them to intermediaries for distribution and use throughout the country, including Texas and this District, with knowledge of this distribution and use.

8. Venue is proper within this District under 28 U.S.C. § 1400(b) on the grounds that Defendant has committed acts of infringement in and has a regular and established place of business in this District. For example, upon information and belief, (a) Defendant conducts their business of the exclusive distribution of new Volvo automobiles to the consuming public in this District through an authorized Volvo dealership (also referenced interchangeably as Volvo dealer) in this District, which Defendant holds out to the public as its own; and (b) Defendant Volvo conducts its business of the provision of new purchase warranties and vehicle service pursuant to those warranties to the consuming public in this District through their authorized Volvo dealership located in this District.

9. Upon information and belief, the authorized Volvo dealership in this District is a regular, continuous, and established physical place of business of Defendant Volvo, being

established, ratified, and/or controlled by Volvo as an authorized dealer, which is an exclusive place of business at which Volvo offers for sale, sells, and provides authorized maintenance, warranty, and recall services for the Volvo automotive vehicles and components that infringe the patent in suit.

10. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, because Defendant conducts substantial business in this forum, including: (i) making, using, selling, offering for sale, and/or importing vehicles with technology and/or features that when used have been alleged to infringe the patent in suit in this Complaint; and (ii) regularly conducting or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to citizens and residents in Texas and in this District.

11. Upon information and belief, Defendant Volvo is the exclusive manufacturer, importer and distributor of Volvo branded vehicles. Upon information and belief, Volvo manufactures and assembles, both in the United States and internationally, Volvo branded vehicles, and distributes them through Volvo dealerships throughout the United States and in this District.

12. Upon information and belief, Defendant is registered to do business in Texas with the Secretary of State. The Texas Business Organizations Code (Bus. Org. § 9.001) requires all entities formed outside of the State of Texas to complete such registration in order to transact business in Texas. Upon information and belief, Volvo is registered as a taxable entity with the Texas Comptroller of Public Accounts in connection with their marketing and distribution activities, and their sales of Volvo through their relationships with authorized Volvo dealerships.

13. Upon information and belief, Defendant Volvo engage in sales and service of products that infringe the patent in suit at a Volvo Dealership in the Eastern District of Texas, Crest Volvo Cars located at 6020 State Highway 121 in Frisco, Texas, 75034 (*see* https://www.crestvolvocars.com, last accessed and downloaded on November 16, 2021).

14. Upon information and belief, Defendant Volvo manages the marketing, sales and service of Volvo branded vehicles to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Upon information and belief, the Volvo dealership that is permitted to sell and service new Volvo vehicles in this District must be authorized by Volvo.

15. Upon information and belief, Volvo employees work with the Volvo dealership in this District on issues related to sales, marketing, technical training, and the service of parts and accessories.

16. Upon information and belief, Defendant Volvo regularly, continuously, and systematically provides support to and control over the Volvo dealership located in the Eastern District of Texas.

17. Upon information and belief, through its exclusive agents, instrumentalities and representatives, Volvo provides new car warranty services within this District on vehicles including the Accused Instrumentalities. Upon information and belief, Volvo warrants to at least the original owner of new Volvo branded vehicles that any Volvo authorized dealership will make repairs or replacements necessary to correct defects in material or workmanship arising during the warranty period. Upon information and belief, such warranty work is paid for by Volvo. Upon information and belief, there is at least one authorized Volvo dealership performing warranty work in the Eastern District of Texas, at the service departments at Crest Volvo Cars, the Volvo dealership in this District noted above.

18. Upon information and belief, the Volvo dealerships located within this District are Volvo's agents, instrumentalities, and representatives within this Judicial District for the provision within this District of new warranty service for Volvo branded vehicles sold both within the District and outside the District (*see, e.g.,* https://www.volvocars.com/in/own/own-and-enjoy/volvo-warranty, last accessed and downloaded on November 16, 2021).

19. Upon information and belief, Volvo controls the provisioning of warranty service and work at the Volvo dealership in this District.  Upon information and belief, Volvo requires the authorized Volvo dealership to perform warranty work.

## THE TECHNOLOGY AND THE PATENTS IN SUIT

## THE '137 PATENT

20. On June 26, 2001, Robert Pierce Lutter and Dan Alan Preston filed United States Patent Application No. 09/892,333 ("the '333 Application").  The '333 Application was duly examined and issued as the '137 patent, entitled "Method and Apparatus for Transferring Information Between Vehicles," on September 2, 2003.

21. The '137 patent recently expired, on or about June 26, 2021.

22. AutoBrilliance is the owner of the '137 patent and has the full and exclusive right to bring actions and recover past and present damages for the Defendant's infringement of the '137 patent.

23. The '137 patent is valid and enforceable.  A true and correct copy of the '137 patent is attached hereto as Exhibit A.

24. The '137 patent includes 29 claims. ('137 patent, Ex. A at 8:61–12:26.)

25. The '137 patent describes systems and methods that receive sensor data from other vehicles at a processor of a local vehicle.  As the '137 patent describes, the processor displays the sensor data at the local vehicle along with sensor data gathered from a local sensor

at the local vehicle.  The "processor provid[es] kinematic state data for both a local vehicle and for objects detected in the sensor data for transmission to other vehicles." ('137 patent, Ex. A at 9:1–9:5.)

26. In order to alleviate vehicle collision or hazard risks caused when a driver cannot see or is unaware of a condition such as an oncoming object, the '137 patent describes systems and methods having or providing an improved vehicle operation environment by displaying the sensor data at the local vehicle and transmitting the kinematic state data to the other vehicles. For example, the '137 patent describes that a processor, based on detecting (identifying) an object in the sensor data, determines a kinematic state for the object.  For instance, "kinematic states for … detected objects are compared with the kinematic state of the [local] vehicle."

27. If it is likely that a collision will occur between the detected objects and the local vehicle, a warning is automatically generated [at the local vehicle] to notify the [local] vehicle operator of the impending collision.  The sensor data and kinematic state of the [local] vehicle can be transmitted to other vehicles so that the other vehicles are also notified of possible collision conditions."  (*See* '137 patent, Ex. A at 1:36–46; *see also* claim 1.)  Figure 1 of the '137 patent, reproduced below, illustrates the improved structure and computing environment for



FIG.1

28.    Among the specific technological improvements to devices and methods for collision or hazard avoidance, the '137 patent describes systems and methods that determine, display, and/or share vehicle kinematic state data 17 and object kinematic state data 19 at or among one or more of vehicles 14A, 14B, and 14C. *Id.*

29.    The claimed elements and claimed combinations of the '137 patent were not well-understood, routine, and conventional to a skilled artisan in the relevant field.

### **AUTOBRILLIANCE'S CLAIMS ARE PATENT ELIGIBLE**

30.    The claims in the asserted patent are directed to patent eligible subject matter.

31.    The asserted patent is directed to providing unconventional computing solutions that address problems that are particular to computerized vehicular sensor and communications systems.

32.    The systems, devices and methods of the '137 patent provide for generating sensor data and tracking, evaluating and communicating kinematic states of objects in proximity with a vehicle. (*See, e.g.,* '137 patent at 1:37-46.) The systems, methods and devices of the

asserted '137 patent are also directed to conveying warning information relating to the sensor data and kinematic states of objects in proximity to a vehicle to one or more users, even for objects beyond the line of sight of a driver.  (*Id.* at 3:13-28.)

33.     Providing computerized tracking and sensor systems with systems, devices and methods in the manner claimed in the patent in suit solved challenges over the techniques and systems known in the art at the time.  Thus, the claims of the asserted patent are directed to and/or contain inventive concepts, being both novel and unconventional, which are sufficient to render the asserted patent claims to be patent eligible.

34.     In particular, prior to the priority date of the asserted '137 patent, in systems, such as traditional vehicular sensing systems, information about the kinematic states of objects in proximity to a vehicle might need to be gathered and evaluated directly by only a driver of the vehicle.  ('137 patent at 1:07-33.)

35.     The '137 patent overcame these disadvantages by, for example, describing and enabling systems, devices and methods for delivering kinematic state information about objects around a vehicle detected with sensors as well as detected kinematic information about the vehicle itself ('137 patent at 2:13-20) and conveying the kinematic state information associated with the vehicle and proximal objects to multiple other vehicles ('137 patent at 2:26-34).

36.     The claimed inventions of the asserted patent resolve technical problems related to sensor systems, interactive location tracking and communication technologies.  For example, the asserted '137 patent describes systems that allow remotely located parties to interact and communicate in a computerized environment in real time (or near real-time) with one or more users, which, on information and belief, is exclusively implemented using computer technology.

37. The claims of the patent in suit do not merely recite the performance of some method known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the asserted patent recite inventive concepts that are rooted in computerized location tracking system technology, and overcome problems specifically arising in the realm of computerized sensor system and location tracking system technologies.

38. The technologies claimed in the asserted patent do not preempt all ways of using location tracking system technology or sensor system technology, nor preempt the use of any well-known location tracking technology or sensor system technology, nor preempt any other well-known or prior art technology.

39. The asserted patent claims are not directed to any "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," nor "a building block of the modern economy."

40. The patent in suit does not take a well-known or established business method or process and apply it to a general-purpose computer. Instead, the specific systems and processes described in the asserted patent have no direct corollary to a process that predates the advent of the Internet.

41. The asserted patent claims in the patent in suit are directed toward solutions rooted in computer technology and directed to technologies, unique to computers and sensor technology systems, to overcome problems specifically arising in the realm of computerized location tracking and sensor system technologies.

42. The asserted patent claims are not directed at a mere mathematical relationship or formula.

43. The asserted patent claims cannot be performed by a human, in the human mind, or by pen and paper.

44. Accordingly, each claim of the patent in suit recites a combination of elements sufficient to ensure that each claim, in practice, amounts to significantly more than a claim to an ineligible concept.

### AUTOBRILLIANCE'S PATENT LITIGATION HISTORY

45. The '137 patent is currently being asserted in *AutoBrilliance LLC v. General Motors Company, et al.*, (EDTX) 4:21-cv-00654 (filed August 19, 2021).

46. The '137 patent previously has been subject to federal court litigation in *Eagle Harbor Holdings LLC, et al. v. Ford Motor Company*, (WDWA) 3:11-cv-05503 (terminated September 15, 2015).

47. AutoBrilliance owns other, non-asserted related patents that share a patent specification with the '137 patent and claim priority to the same parent application, U.S Patent Application Serial No. 09/892,333.

48. U.S. Patent No. 6,792,351, another of the AutoBrilliance patents, has been subject to federal court litigation in *AutoBrilliance LLC v. Toyota Motor Corporation, et al.*, (TXED) 4:19-cv-00712 (terminated March 4, 2020). This other Autobrilliance patent (the '351 patent) was the subject of *Inter Partes Review* (IPR) petition in *Unified Patents, LLC f/k/a Unified Patents Inc. v. AutoBrilliance, LLC* (PTAB) IPR2020-00354 (final written decision dated July 6, 2021, determining all challenged claims unpatentable).

### COUNT I – INFRINGEMENT OF THE '137 PATENT

49. Paragraphs 1 through 48 are incorporated by reference as if fully set forth herein.

50. Volvo has directly infringed under 35 U.S.C. § 271(a) at least one or more claims of the '137 patent either literally and/or under the doctrine of equivalents, by, among other things, making, using, importing, selling, offering for sale and/or providing and/or causing to be used in the United States the Accused Instrumentalities, including an Intellisafe Assist, Driver Assistance Systems (See https://www.volvocars.com/us/about-volvo/human-innovation/future-of-driving/safety#pdpAnchorHero2, last accessed and downloaded November 16, 2021).  An exemplary claim chart detailing the correspondence of every element of claim 29 of the '137 patent with features of the Accused Instrumentalities is attached hereto as Exhibit A-1 and incorporated by reference.

51. AutoBrilliance has been damaged by Volvo's infringement of the '137 patent.

52. AutoBrilliance reserves the right to modify its infringement theories as discovery progresses in this case and is not to be estopped for purposes of its infringement contentions or any claim construction, express or implied, set forth within the attached claim chart. AutoBrilliance intends the claim chart for the '137 patent (Exhibit A-1) only to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  The claim chart does not represent AutoBrilliance' s preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, AutoBrilliance demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, AutoBrilliance demands judgment for itself and against Volvo as follows:

A.     An adjudication that Volvo has infringed the AutoBrilliance patent in suit.

B.     An award of damages to be paid by Volvo adequate to compensate AutoBrilliance for Volvo's past infringement of the Autobrilliance patents in suit, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of AutoBrilliance's reasonable attorneys' fees; and

D.     An award to AutoBrilliance of such further relief at law or in equity as the Court deems just and proper.

Dated: November 16, 2021               Respectfully submitted,

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (DE Bar No. 4241)
tdevlin@devlinlawfirm.com
Patrick R. Delaney (DC Bar No. 472266)
pdelaney@devlinlawfirm.com
 1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

Attorneys for Plaintiff
*AutoBrilliance LLC*